IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOSÈ WILLIAMS                                                                                    PETITIONER
ADC #115281

V.                                     5:12cv00025 SWW-JTR

RAY HOBBS, Director,                                                                          RESPONDENT
Arkansas Department of Correction

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

# INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Introduction

Petitioner, Josè Williams, who is currently incarcerated at the Varner Unit of the Arkansas Department of Correction, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket entry #2.) In his Petition, he raises a double jeopardy challenge to his 2004 convictions in Pulaski County Circuit Court for

aggravated robbery and theft.

Petitioner challenged the same convictions in a 2009 habeas action filed in the Eastern District of Arkansas. *See Williams v. Norris*, 5:09cv00386 SWW-JTR. On March 10, 2011, United States District Judge Susan Webber Wright dismissed that case, with prejudice, because Petitioner's claims were barred by the one-year statute of limitations applicable to federal habeas petitions. *Id.* at docket entries #16-#19. Petitioner did not appeal the denial of habeas relief.

In the current action, Respondent has filed a Motion to Dismiss, along with a supporting Memorandum, asserting that this Petition should be dismissed for lack of jurisdiction. (Docket entries #6, #7.) Petitioner has not filed a Response, and the time for doing so has passed.

## II. Discussion

A claim presented in a second or successive § 2254 habeas petition must be dismissed unless the petitioner can make a prima facie showing that he has satisfied the requirements of 28 U.S.C. § 2244(b)(2). However, that determination is to be made by the Eighth Circuit Court of Appeals, not the United States District Court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application."). Until an order of authorization is obtained from the Court of Appeals, the District Court has no jurisdiction to consider a successive petition. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

Petitioner's 2009 habeas action and his current Petition both challenge his 2004 convictions from the Pulaski County Circuit Court. In short, he has "twice brought claims contesting the same custody imposed by the same judgment of a state court." *Id.* at 153. To proceed with a successive habeas action in this Court, Petitioner must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Pennington v. Norris*, 275 F.3d 857, 858 (8th Cir. 2001) (explaining that a habeas petitioner must obtain authorization from the Eighth Circuit before he can raise a successive challenge to a state conviction). There is no evidence that Petitioner has sought or received permission from the Eighth Circuit to file a successive petition. Thus, this Court is without jurisdiction to entertain his claims.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Respondent's Motion to Dismiss (docket entry #6) be GRANTED, and that this 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus (docket entry #2) be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to satisfy § 2253(c) when habeas petition is denied on procedural grounds, petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

DATED THIS 21st DAY OF February, 2012.

_____
UNITED STATES MAGISTRATE JUDGE